The Honorable Brent Haltom Prosecuting Attorney Eighth Judicial District Miller County Courthouse Texarkana, AR 75502
Dear Mr. Haltom:
This is in response to seven questions you have posed concerning the collection of certain fees and fines imposed by the Juvenile Division of the Chancery Court.[1] You have asked, specifically, which county officials are responsible for:
 1) the collection of filing fees for juvenile petitions filed under A.C.A. § 9-27-311 (Repl. 1991);
 2) the collection of fees for the Juvenile Court Representation Fund under A.C.A. § 9-27-316 (Repl 1991);
 3) the collection of court costs under A.C.A. § 9-27-330 (Repl. 1991);
 4) the collection of restitution ordered by the juvenile court under A.C.A. §§ 9-27-330 to -331 (Repl. 1991);
 5) the collection of fines ordered by the juvenile court under A.C.A. § 9-27-330 (Repl. 1991);
 6) the collection of probation fees ordered by the juvenile court under A.C.A. § 16-13-326 (Cum. Supp. 1991); and
 7) the collection of money bonds, or forfeits in juvenile court under A.C.A. § 9-27-326(e)(3) (Repl. 1991).
The answer to your first question appears to be the clerk of the juvenile court. The juvenile court is a division of the Chancery Court. A.C.A. § 9-27-308(8) (Repl. 1991). The clerk of the chancery court or circuit-chancery court of the county shall be the clerk of the juvenile division of the chancery court. A.C.A. § 16-13-607 (Supp. 1991). Petitions under the statute you reference are filed with the clerk of the chancery court. A.C.A. § 9-27-310(a) (Repl. 1991). Section 9-27-310(e) (Repl. 1991) provides that no filing fees shall be charged or collected by the "clerk" in cases brought by governmental or nonprofit entities. This provision, in my opinion, evidences an intent that the filing fees be collected by the chancery clerk, as against those persons or entities subject to the fees. See also A.C.A. §16-20-106(a), discussed infra.
The answer to your second question is the clerk of the juvenile court, who is statutorily required to deposit all monies "collected by the clerk" into a fund known as the "Juvenile Court Representation Fund." See A.C.A. § 9-27-316(g)(2) (Repl. 1991).
In answer to your third question, if a juvenile judge assesses court costs against a juvenile, these funds are presumably to be deposited with the clerk of the juvenile court. Although the juvenile code is silent as to which officer is responsible for the collection of these costs, A.C.A. § 16-20-106(a) provides generally that "[t]he clerks of the several courts of record[2] of this state shall collect and pay over . . . all taxes due on writs, executions, and official seals. They shall also collect and pay over other sums of money, by whatever name designated, coming to their hands and belonging to the state or county." This statute therefore stands for the proposition that the clerk is to collect the court costs. See also A.C.A. § 16-68-409 (Cum. Supp. 1991) requiring the clerk to "tax and subscribe all bills of costs arising in the court of which he is clerk." See also generally A.C.A. § 21-6-404 as to the clerk's responsibility to collect court costs.
It should be noted, additionally, however, that the county sheriff is also the sheriff of the chancery court. A.C.A. § 16-13-316 (1987). It is therefore conceivable that the juvenile judge could direct the sheriff to collect court costs levied by the juvenile court. Cf. Op. Att'y Gen. No. 93-003.
Your fourth question asks for identification of the county officer responsible for collecting court ordered restitution from the juvenile or his/her parent, guardian or custodian under A.C.A. § 9-27-330(6) (Cum. Supp. 1991). The Arkansas Juvenile Code is silent as to who is directly responsible for collecting these funds. Although the question could certainly benefit from legislative clarification, it is my opinion that again, the restitution should be collected by either the chancery clerk, or the sheriff pursuant to a directive from the court.
The same conclusion holds true as to the collection and administration of fines. Presumably, it would be the responsibility of either the clerk of the chancery court as set out above and/or the county sheriff's office pursuant to a directive of the court to collect court imposed fines.
The answer to your sixth question is again unclear. Section16-13-326 (Cum. Supp. 1991) authorizes the juvenile judge to charge a probationary fee not to exceed a certain monthly amount, and requires this amount to be deposited in the county treasury of the county in which probation services are provided. The statute does not specify whether the funds are first deposited with the juvenile clerk and then transferred to the county treasury, or whether the funds are to be paid directly by the juvenile to the county treasury or some other county official. Although again, the issue could benefit from legislative clarification, it is my opinion that the fees should be collected by the juvenile clerk and/or sheriff as noted above, and then transferred to the county treasury.
The answer to your seventh question is again the clerk of the juvenile court or the sheriff, if so directed by the court. Section 9-27-326(e)(3) (A-C) (Repl. 1991) allows the juvenile judge to require a money bond to insure the appearance of the juvenile. Again, in the absence of legislative clarification, it is my opinion that the bond or forfeiture should be collected by the clerk or sheriff, as directed by the court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General T. Jeff Vining.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It should be noted initially that each of your questions was the subject of proposed legislation at the recently concluded Seventy-Ninth General Assembly. House Bill 2102 would have specifically placed, with various officers, the responsibility for the collection of the sums you reference. This bill, however, was vetoed by the Governor.
[2] The juvenile court is a court of record. A.C.A. §16-13-603(c)(1) (Supp. 1991).